AO 106 (Rev. 04/010) Application for Search Warrant       AUTHORIZED AND APPROVED/DATE: _____ 8·13·19

# UNITED STATES DISTRICT COURT
for the
___WESTERN___ DISTRICT OF ___OKLAHOMA___

In the Matter of the Search of                                )
*(Briefly describe the property to be search*                 )
*Or identify the person by name and address)*                 )
PROPERTY KNOWN AS:                                            )   Case No: M-19-421-SM
 1. LG cell phone, model: G7 ThinQ LM-G710VM,                 )
    IMEI: 355933094334938;                                    )
 2. Samsung tablet, model: GT-P3113TS,                        )   FILED
    S/N: RF2CC036RHX                                          )
                                                              )   AUG 13 2019
IN THE POSSESSION OF:                                         )
  Air Force Office of Special Investigations, Detachment 114  )   CARMELITA REEDER SHIN
  3540 C Avenue, Building 3                                   )   CLERK, U.S. DISTRICT COURT
  Tinker AFB, OK 73145                                        )   BY_____ DEPUTY

## APPLICATION FOR SEARCH WARRANT

I, a federal law enforcement officer or attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property *(identify the person or describe property to be searched and give its location)*:

See Attachment A, which is attached and incorporated by reference.

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached and incorporated by reference.

The basis for the search under Fed. R. Crim.P.41(c) is *(check one or more)*:
  ☒  evidence of the crime;
  ☒  contraband, fruits of crime, or other items illegally possessed;
  ☒  property designed for use, intended for use, or used in committing a crime;
  ☐  a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:
*Code Section*                       *Offense Description*
18 U.S.C. § 2252A(a)(5)(B)           Possession of child pornography.

The application is based on these facts:

See attached Affidavit of Special Agent Randy C. Mullins, Air Force Office of Special Investigations, which is incorporated by reference herein.
  ☒  Continued on the attached sheet(s).
  ☐  Delayed notice of _____ days *(give exact ending date if more than 30 days)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

_____
*Applicant's signature*
RANDY C. MULLINS
Special Agent
Air Force Office of Special Investigation

Sworn to before me and signed in my presence.

Date: 8/13/19

City and State: Oklahoma City, Oklahoma

_Judge's signature_

SUZANNE MITCHELL, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

1.      I, Randy C. Mullins, a Special Agent with the United States Air Force Office of Special Investigations being duly sworn, depose and state as follows:

I have been employed as a Special Agent with the United States Air Force Office of Special Investigations (AFOSI) since May of 2019 as a full-time investigator and am currently assigned to the Criminal Investigations Section of AFOSI Detachment (Det) 114, Tinker AFB (TAFB), Oklahoma (OK). I am authorized to investigate crimes involving all violations of the UCMJ (10 U.S.C. § 47) and other applicable Federal and State laws where there is a U.S. Air Force or Department of Defense (DoD) interest. I completed approximately 750 hours of training via the Criminal Investigator Training Program, and the Basic Special Investigator Course at the Federal Law Enforcement Training Center (FLETC), Glynco, Georgia. I received training in weapons proficiency, officer response tactics, and basic skills of investigating deaths, fraud, narcotics, sexual assault, and environmental crimes. Before becoming a Special Agent, I worked for approximately six years as a security forces member, also known as military police.

2.      I have been trained in aspects of investigations of child pornography possession and distribution, to include; applying for and conducting search and arrest warrants, evidence collection, seizing documents and electronics, and the prosecution of related offenders. I have had conversations with, and have been in the company of, other experienced local, state, and federal law enforcement officers, as well as prosecuting attorneys at the state and federal

1

levels, concerning child exploitation activities and criminal violations. Additionally, I have worked in the company of other experienced law enforcement officers and have discussed with them their investigative techniques and experiences with child exploitation investigations.

3. The statements contained in this affidavit are based in part on information provided by law enforcement officials and others known to me, and on my own experience and background as a law enforcement officer. Since the affidavit is being submitted for the limited purpose of establishing probable cause, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that violations of Title 18, United States Code, Section 2252A(a)(5)(B) have been committed and that the instrumentalities, fruits, and evidence of those crimes will be found in a particular place to be searched.

4. This affidavit is made in support of a search warrant for the following items ("DEVICES"), which are currently in the legal custody of the AFOSI on TAFB, OK:

> 1) LG cell phone, model: G7 ThinQ LM-G710VM, IMEI: 355933094334938;
> 2) Samsung tablet, model: GT-P3113TS, S/N: RF2CC036RHX

I am submitting this affidavit in support of a search warrant authorizing a search of the DEVICES (also described in Attachment A to this affidavit) and the extraction from the DEVICES of electronically stored content and information described in Attachment B hereto,

2

which content and information constitute instrumentalities, fruits, and evidence of the foregoing violation.

## BACKGROUND REGARDING COMPUTERS, THE INTERNET, AND E-MAIL

5. Based on my training, experience, and knowledge, I know the following:

   a. Computers and computer technology have revolutionized how child pornography is produced, distributed, and utilized. It has also revolutionized how child pornography collectors and producers interact with each other. Child pornography formerly was produced using cameras and film (either still photography or movies.) The photographs required darkroom facilities and a significant amount of skill to develop and reproduce the images. As a result, there were definable costs involved with the production of pornographic images. To distribute these on any scale also required significant resources. The photographs themselves were somewhat bulky and required secure storage to prevent their exposure to the public. The distribution of these wares was accomplished through a combination of personal contact, mailings, and telephone calls. Any reimbursement would follow these same paths.

   b. The development of computers and various types of cell phones has added to the methods used by child pornography collectors to interact with and sexually exploit children. Computers and cell phones may serve four functions in connection with child pornography. These are production, communication, distribution, and storage.

c. Child pornographers can now transfer photographs from a camera onto a computer-readable format with a device known as a scanner. With the advent of digital cameras, including cell phone digital cameras, the images can now be transferred directly from the camera onto a computer. A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Electronic contact can be made to millions of computers around the world. The ability to produce child pornography easily, reproduce it inexpensively, and distribute it anonymously (through electronic communications) has drastically changed the method of distribution and receipt of child pornography. Child pornography can be transferred via e-mail or through file transfer protocols (FTP) to anyone with access to a computer and modem, i.e., Internet access. (The File Transfer Protocol (FTP) is a protocol that defines how to transfer files from one computer to another. One example, known as "anonymous FTP," allows users who do not have a login name or password to access certain files.) Because of the proliferation of commercial services that provide electronic mail service, chat services (i.e., "Instant Messaging"), and easy access to the Internet, the computer is a preferred method of distribution and receipt of child pornographic materials. Due to the nature of many cell phones, child pornographic materials may also be distributed via cell phone, utilizing the Internet, text, and e-mail capabilities of many phones.

d. The computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography. The size of the electronic storage

4

media (commonly referred to as the hard drive) used in home computers has grown tremendously within the last several years. These drives can store hundreds of thousands of images at very high resolution. Additionally, other modern digital file storage devices such as thumb drives (i.e., flash drives), external hard drives, SD cards (i.e., secure digital cards), "smartphones" such as iPhones, Blackberries, etc., and even regular cell phones have the ability to store images and video in digital form on the phone itself and on storage media compatible with them. Accordingly, digital files such as videos and pictures can be quickly and easily transferred back and forth between devices or stored simultaneously and indefinitely on both devices. Such devices—even very small ones—can store very large amounts of digital files.

    e.    The Internet affords collectors and producers of child pornography several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion.

    f.    Individuals also use online resources to retrieve and store child pornography, including services offered by Internet Portals such as Yahoo!, Dropbox, and Hotmail, among others. The online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer or cell phone with access to the Internet. Evidence of such online storage of child pornography is often found on the user's computer and/or cell phone. Even in cases where

online storage is used, however, evidence of child pornography can be found on the user's computer in most cases.

      g.     As is the case with most digital technology, communications by way of computer can be saved or stored on the computer used for these purposes. Storing this information can be intentional, i.e., by saving an e-mail as a file on the computer or saving the location of one's favorite websites in, for example, "bookmarked" files. Digital information can also be retained unintentionally, e.g., traces of the path of an electronic communication may be automatically stored in many places (e.g., temporary files or ISP client software, among others). In addition to electronic communications, a computer user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used. I know that digital evidence, including pictures and videos, generally remains indefinitely on a digital storage device such as a computer or cell phone until deleted or overwritten. I know that a computer forensic examiner can sometimes discern which external devices, such as a thumb drive or a camera or a cell phone, have been connected to a computer. I also know that even if a computer or cell phone user deletes such evidence, a computer forensic expert can sometimes still recover it from the device using forensic tools months, even years, after the fact.

## SPECIFICS OF SEARCH AND SEIZURE OF COMPUTER SYSTEMS

6.     Searches and seizures of evidence from computers and other digital file storage

devices commonly require agents to download or copy information from the devices and their components, or seize most or all devices (computer hardware, cell phones, computer software, and computer-related documentation) to be processed later by a qualified computer expert in a laboratory or other controlled environment. This is almost always true because of the following two reasons:

  a. Digital file storage devices can store the equivalent of thousands of pages of information. Especially when the user wants to conceal criminal evidence, he or she often stores it in random order with deceptive file names. This requires searching authorities to examine all the stored data that is available to determine whether it is included in the warrant that authorizes the search. This sorting process can take days or weeks, especially with computers, depending on the volume of data stored, and is generally difficult to accomplish on-site.

  b. Searching digital file storage devices, especially computers, for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert should analyze the system and its data. The search of a computer system is an exacting scientific procedure that is designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to tampering or destruction

(which may be caused by malicious code or normal activities of an operating system), the controlled environment of a laboratory is essential to its complete and accurate analysis.

7. To fully retrieve data from a computer system, the analyst needs all magnetic storage devices as well as the central processing unit (CPU). In cases involving child pornography where the evidence consists partly of graphics files, the monitor(s) may be essential for a thorough and efficient search due to software and hardware configuration issues. Also, the analyst needs all the system software (operating systems or interfaces, and hardware drivers) and any applications software, which may have been used to create the data (whether stored on hard drives or on external media).

## BACKGROUND OF INVESTIGATION

8. On June 26, 2019, Dennis Johnson, Deputy, 544th Maintenance Squadron, TAFB, OK, informed AFOSI he learned via a command directed investigation that on April 18, 2019, Damon Blankinship in the 547th Propulsion Maintenance Squadron, TAFB, OK, was observed viewing potential child pornography on a personal device while at work.

9. Written statements were collected from coworkers of Blankinship during the command directed investigation. One of these coworkers identified as Nancy Knox reported she observed pornography on Blankinship's tablet when she approached his desk to distribute work. Knox indicated the female on the tablet was "definitely not a child, but a young teenage girl under the age of 18." Another coworker identified as Krystin Mathis

sat behind Blankinship's desk and at one time witnessed Blankinship viewing pornography on the tablet.

10. During her interview, Knox indicated she went to Blankinship's desk to deliver work documents on April 18, 2019. Knox saw that Blankinship's tablet had an image of a naked, young white female on its screen described as looking older than 12 years old but possibly younger than 18 years old. Knox added the female looked fully developed physically. The tablet was described as a white Apple iPad with a black cover. Mathis revealed during her interview that while she worked at her desk near Blankinship's desk, she observed as Blankinship viewed pornography on a tablet and as Blankinship tilted the screen as if attempting to conceal it. Mathis described the pornographic website as containing males and females having intercourse although she could not tell their age.

11. Another coworker identified as Anthony Anderson reported during an office luncheon on April 18, 2019, Anderson turned to look at Blankinship and noticed a young naked female with her legs spread on Blankinship's tablet. The female appeared to be a while female with a thin body type and blonde hair who was between 16 and 21 years of age. Anderson described the tablet as black with a brown cover.

12. A review of Blankinship's government computer browser history revealed on April 12, 2019, Blankinship's government computer was used to search the term "pornography" at the following Uniform Resource Locator (url): tse1.explicit.bing.net. The url was flagged, and

9

access was subsequently denied.

13. During a noncustodial interview with AFOSI agents on August 6, 2019, Blankinship revealed he views child pornography sporadically. Blankinship stated that he had viewed porn that involves adults having sexual intercourse with the age ranges of infanthood to 17 years of age. Blankinship often searches the terms "underage sex" via internet search engines on his cell phone (LG G7 ThinQ LM-G710VM, IMEI: 355933094334938) and personal tablet (Samsung GT-P3113TS, S/N: RF2CC036RHX) and indicated he "follows the rabbit hole" to view other child pornography. Blankinship stated he is fascinated with underage children performing sexual acts on each other. Blankinship further indicated he enjoyed child pornography, which was "natural" and not staged or influenced by adults. Blankinship was familiar with internet search terms associated with child pornography such as "lolicon." Blankinship admitted to viewing adults engaging in sexual acts with infants orally, digitally, and genitally. Blankinship stated that the DEVICES seized by AFOSI are the only two devices he still had in his possession on which he viewed child pornography. I seized these items at AFOSI Det 114, 3540 C Avenue, Building 3, TAFB, OK 73145 from Blankinship on August 6, 2019.

### CHARACTERISTICS COMMON TO INDIVIDUALS INVOLVED IN CHILD PORNOGRAPHY OFFENSES AND WHO HAVE A SEXUAL INTEREST IN CHILDREN AND IMAGES OF CHILDREN

14. Based my training and experience and that of other law enforcement officers with whom I have had discussions, I have learned that individuals who collect and produce

images and videos of child pornography are often individuals who have a sexual interest in children and images of children and that there are certain characteristics common to such individuals:

    a.    Individuals who have a sexual interest in children or images of children may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

    b.    Individuals who have a sexual interest in children or images of children may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media, including all manner of digital file storage devices as well as email accounts. Individuals who have a sexual interest in children or images of children often use these materials for their sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

    c.    Likewise, individuals who have a sexual interest in children or images of children often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer or other digital file storage device and surrounding area or password-protected email account. These collections are often

maintained for several years and are kept close by, usually at the collector's residence, to enable the individual to view the collection, which is valued highly, and keep it safe and private. Additionally, digital files are usually stored in more than one location and/or backed up on separate storage media to prevent loss of a collection. For example, a child pornography collector can store child pornography remotely on an email provider's servers to back up his collection and make it available to him when he is away from his home computer.

    d. Individuals who have a sexual interest in children or images of children also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

    e. Individuals who have a sexual interest in children or images of children prefer not to be without their child pornography for any prolonged time. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

## **CONCLUSION**

15. Based upon the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of the foregoing

criminal violations are located in the DEVICES; therefore, I seek a warrant to search the DEVICES for the items listed in Attachment A.

Respectfully Submitted,

_____
Randy C. Mullins
Special Agent
Air Force OSI

Subscribed and sworn to before me on this 13th day of August 2019.

_____
SUZANNE MITCHELL
United States Magistrate Judge

## ATTACHMENT A
## ITEMS TO BE SEARCHED

1. LG cell phone, model: G7 ThinQ LM-G710VM, IMEI: 355933094334938;

2. Samsung tablet, model: GT-P3113TS, S/N: RF2CC036RHX

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

1. Any and all digital notes, documents, records, or correspondence pertaining to the possession of child pornography as defined in 18 U.S.C. § 2256(8).

2. Any and all digital images of child pornography as defined in 18 U.S.C. § 2256(8).

3. Any and all digital notes, documents, records, or correspondence identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8).

4. Any and all digital notes, documents, records, or correspondence concerning the receipt, transmission, or possession of child pornography as defined in 18 U.S.C. § 2256(8).

5. Any and all digital notes, documents, records, or correspondence concerning communications between individuals about child pornography or the existence of sites on the Internet that contain child pornography or that cater to whose with an interest in child pornography.

6. Any and all digital notes, documents, records, or correspondence concerning membership in online groups, clubs, or services that provide or make accessible child pornography to members.

7. Any and all digital records, documents, invoices and materials that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection

to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

8. Any and all digital address books, mailing lists, supplier lists, mailing address labels, and any and all documents and records pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate or foreign commerce by any means, including by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8).

9. Any and all records tending to identify the owner or user of the DEVICES described in the affidavit.

10. Any and all diaries, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

11. Any and all records pertaining to how the user of the DEVICES acquired or disseminated any child pornography.

12. Any and all records pertaining to a sexual interest in children.

13. Any federal law enforcement officer may perform or assist with the search for the aforementioned items, including representatives of the United States Attorney's Office.